UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** : | |
| : | |
| *v.* : | |
| : | **Crim. No. 22-CR-0083(4)(CKK)** |
| **JOE BLYTHER,** : | |
| : | |
| *Defendant.* : | |

**DEFENDANT'S MOTION FOR MODIFICATION
OF PRETRIAL DETENTION ORDER AND
<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

Defendant Joe Blyther ("Blyther"), by and though undersigned counsel, hereby respectfully moves this Honorable Court, pursuant to the Federal Rules of Criminal Procedure and 18 U.S.C. § 3145(b), to modify the order of pretrial detention entered in this matter. As grounds for this motion Mr. Blyther states as follows:

<u>**BACKGROUND**</u>

The government has charged Blyther via superseding indictment with eight narcotics and weapons related counts. He had his initial appearance on June 10, 2022, where Magistrate Judge Faruqui granted the government's request for pretrial detention. A detention hearing was scheduled for June 16, 2022.

On June 13, 2022, Blyther filed a motion to vacate the detention hearing and notified the Court that he consented to detention but reserved the right to request a detention hearing in the future. (Doc. 39). On June 15, 2022, Magistrate Judge Faruqui granted Blyther's motion and ordered him held without bond pending trial. (Doc. 40).

Blyther now moves the Court to release him pending trial under appropriate conditions.

## ARGUMENT

The Bail Reform Act ("the Act"), 18 U.S.C. §§3142, *et seq*., requires pretrial release on personal recognizance or unsecured bond unless the court determines that release will not reasonably assure the person's appearance or will endanger the safety of any person or the community. When personal recognizance or an unsecured bond is determined to be inadequate to guarantee appearance or safety, the Act still mandates release subject to specified conditions. The conditions must be the least restrictive conditions necessary to reasonably assure the defendant's appearance and the community's safety. *See United States v. Fortna,* 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950 (1986). The Supreme Court has explained, "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987); *see also United States v. Singleton,* 182 F.3d 7,9 (D.C. Cir. 1999) ("Detention until trial is relatively difficult to impose.").

Certain offenses, such as the drug offense and § 9224(c) counts with which Mr. Blyther is charged, have a rebuttable presumption that no conditions will reasonably assure the safety of the community. *See* 18 U.S.C. §3142(e). The rebuttable presumption does not modify or limit the presumption of innocence and "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985) (Kennedy, J.). Generally, courts should refuse pretrial release "[o]nly in rare circumstances" and "only for the strongest of reasons" (*id.* at 1405, 1406).

To overcome the presumption, the defendant must "offer some credible evidence contrary to the statutory presumption." *United States v. Alitishe,* 768 F.2d 364, 371 (D.C. Cir. 1985). The burden is "not heavy" and only requires the production of "some evidence". *United*

*States v. Bustamante-Conchas,* 557 Fed. Appx. 803, 806 (10th Cir. 2014).  Notably, the presumption, "shifts the burden of production, not the burden of persuasion." *United States v. Jessup,* 757 F.2d 348, 386 (1st Cir. 1985) (Breyer, J.). This means, the government still retains the burden of persuasion to show either (1) by a preponderance of the evidence, the defendant is more likely than not to flee; or (2) by clear and convincing evidence that detention is necessary to ensure the safety of the community. *See United States v. Jessup,* 757 F.2d 348,384 (1st Cir. 1985) (Breyer, J.).

The Bail Reform Act directs judges to consider four factors in determining whether any conditions of release will reasonably assure a defendant's future presence in court or assure the safety of any other person and the community:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Xulam*, 84 F.3d 441, 442 (DC Cir. 1996).

An analysis of the factors set forth in 18 U.S.C. § 3142(g) weighs in favor of Mr. Blyther's pretrial release, with certain conditions as set forth below.

### Nature and Circumstances of the Charged Offense

The government has charged Mr. Blyther with multiple offense including conspiracy to distribute 100 kg or more of marijuana (Count 1); using, carrying and possessing a firearm during a drug trafficking offense (Counts 9 & 12); possession with intent to distribute marijuana (Count 10); being a felon in possession of a firearm (Counts 11 & 14); unlawful possession of a machine gun (Count 13); and using, carrying and possessing a machine gun

3

during a drug trafficking offense (Count 15). While the charged offenses are undoubtedly serious, the evidence against Mr. Blyther does not rise to a level such that it warrants detention.

### Weight of the Evidence

With respect to the Count 1, the evidence so far disclosed by the government consists of Instagram posts by Mr. Blyther and codefendants that the government interprets as their acting in concert to distribute marijuana. There are no wiretaps, recordings, undercover sales or other tangible evidence that Mr. Blyther conspired with his codefendants to distribute marijuana. With respect to Counts 9, 13, 14 & 15, the evidence derives from firearms that were seized from two apartment that did not belong to Mr. Blyther and to which many others had access. With respect to Counts 10, 11 & 12, the evidence stems from the unlawful search and seizure of Mr. Blyther and his car. This factor weighs in favor of release.

### Mr. Blyther's History and Characteristics

Mr. Blyther is 28 years-old, single with two young children. He has been a lifelong resident of the Washington, DC area and has extensive family ties. He does have a pending firearms charge in Superior Court from 2021; a 2016 conviction for assault with a dangerous weapon and possession of a firearm; and a 2015 conviction a drug charge and transporting a handgun on a roadway. With respect to the prior convictions, he served his time and supervision. Due to those ties and his background, there is no indication that he would be a risk of flight or otherwise not comply with any order from this Court. This factor weighs in favor of release.

### Danger to the Community

The D.C. Circuit recently reiterated the clear and convincing standard that the government must meet to justify detaining a defendant as a danger to the community. The crux

of the constitutional justification for preventive detention under the Bail Reform Act is that '[w]hen the Government proves

> by clear and convincing evidence that *an arrestee presents an identified and articulable threat to an individual or the community*, . . . a court may disable the arrestee from executing that threat. . . . Therefore, to order a defendant preventatively detained, a court must identify an articulable threat posed by the defendant to an individual or the community.

*United States v. Munchel*, 991 F.3d 1273, 1282-83 (D.C. Cir. 2021) (citations omitted) (emphasis added); *see also United States v. Patriarca*, 948 F.2d 789, 792 (1st Cir. 1991) (explaining that the defendant must pose an actual danger to community, not that the defendant in theory posed a danger to the community). The government has not and cannot meet its burden here and Mr. Blyther should be released under conditions.

## PROPOSED CONDITIONS OF RELEASE

Mr. Blyther proposes that he be released to the third-party custody of his aunt, Taleeya Green in in Washington, DC.  Ms. Green has been screened by the pre-trial services office and has been found eligible to be a third-party custodian.  Other conditions that can be imposed are that Mr. Blyther seek employment, report regularly to pre-trial services, comply with a curfew, refrain from possessing firearms and from the use of alcohol or drugs.

**WHEREFORE** for the foregoing reasons and any others that may appear to the Court, Mr. Blyther respectfully requests that he be released pending trial in this matter subject to the conditions set forth above.

**Dated**: Washington, DC
March 17, 2023                                                **BALAREZO LAW**

/s/

5

By: _____
A. Eduardo Balarezo, Esq.
D.C. Bar # 462659
400 Seventh Street, NW
Suite 306
Washington, DC  20004
Tel. 202-639-0999
Fax. 202-639-0899

*Counsel for Defendant Joe Blyther*

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of March 2023, I caused a true and correct copy of the foregoing Defendant's Motion for Modification of Pre-Trial Detention Order and Memorandum of Points and Authorities in Support Thereof to be delivered to the parties in this matter via Electronic Case Filing (ECF).

/s/
_____
A. Eduardo Balarezo